OPINION OF THE COURT
Louis C. Benza, J.
Motion to vacate a satisfaction of judgment, though unopposed, is denied.
In May 1986, plaintiff secured a judgment of $994.34 against defendant after defendant defaulted on the payment of a student loan. In June 2000, plaintiff issued a satisfaction of judgment. Plaintiff now seeks this court to exercise its equitable powers and vacate the satisfaction of judgment.
In its moving papers, plaintiffs attorney asserts that plaintiff was induced to execute the satisfaction of judgment because in *679 March 2000 it was credited with a tax refund offset of $2,198.74, apparently pursuant to the procedure articulated in Tax Law § 171-d, and this credit satisfied the judgment against defendant. Plaintiff’s attorney avers, however, that subsequently defendant’s spouse apparently challenged this tax offset and that the Tax Commissioner reversed the credit of $2,198.74 to plaintiff, prompting this motion.
Although sensitive to plaintiff’s plight that defendant’s judgment has not been paid, this court, on the papers before it, cannot vacate the satisfaction. Initially, it is noted that plaintiff provides no authority for the relief that it seeks and no satisfactory proof that defendant’s spouse challenged and received the disputed tax offset. In fact, plaintiff’s moving papers leave more unanswered questions concerning the rights of the parties than they answer. Moreover, the remedy that plaintiff seeks, vacating the satisfaction, would wreak havoc on a system that third parties rely on when extending credit and therefore public policy requires the court to uphold the integrity and reliability of public records. Finally, there are no obstacles that prevent plaintiff from bringing another action against defendant.
Accordingly, based on the submissions, this court is constrained to deny plaintiff’s request for relief.