OPINION OF THE COURT
Louis C. Benza, J.
Motion to vacate a satisfaction of judgment, though unopposed, is denied.
In May 1989, plaintiff secured a judgment of $1,448.05 against defendant after defendant defaulted on the payment of a student loan. In July 2002, plaintiff issued a satisfaction of judgment. Plaintiff now seeks this court to exercise its equitable powers and vacate the satisfaction of judgment.
In its moving papers, plaintiff’s representative asserts that plaintiff executed the satisfaction of judgment because in March 2002 it was credited with a federal tax refund offset in *532 the amount of $3,109.29, and this credit satisfied the judgment against defendant. Plaintiff’s representative avers, however, that subsequently defendant’s spouse apparently challenged this tax offset and, in July 2002, the spouse received the sum of $1,110.16, prompting this motion. Plaintiff submits an account ledger in furtherance of its motion and the court notes that plaintiff’s submissions do not indicate that it either issued a refund to the nondefaulting spouse or that it issued a payment to the IRS. In any event, even if plaintiff’s submissions were clearer, the court would still deny its motion.
Although sensitive to plaintiff’s plight that defendant’s judgment has not been paid, this court, on the papers before it, cannot vacate the satisfaction. Initially, it is noted that plaintiff provides no authority for the relief that it seeks. Further, the remedy that plaintiff seeks, vacating the satisfaction, would wreak havoc on a system that third parties rely on when extending credit and therefore public policy requires the court to uphold the integrity and reliability of public records (see, New York State Higher Educ. Servs. Corp. v Espinal, 189 Misc 2d 678). Moreover, inasmuch as the satisfaction was unconditional, the court looks at it at the time of issuance. Here, there are no allegations of fraud or lack of consideration. Rather, plaintiff received payment, issued a satisfaction and then evidently, pursuant to applicable federal regulations, a partial refund was made to the nondefaulting spouse. While the court recognizes that the procedure in place for the nondefaulting spouse to obtain his or her share of a tax overpayment is at odds with plaintiff’s ability to rely on offsets from such overpayments, this paradox must be answered by the legislative branch as it has created both procedures. As a final matter, the court notes that there are no obstacles that prevent plaintiff from bringing another action against defendant.
Accordingly, based on the submissions, this court is constrained to deny plaintiff’s request for relief.