OPINION OF THE COURT
James C. Harberson, Jr., J.
Facts
The plaintiff obtained a default judgment against the defendant entered on May 16, 2003. The judgment was for $6,739.37 including costs, disbursements and the attorney’s fee.
*866 The plaintiffs lawyer filed on July 30, 2004 a satisfaction of judgment stating that the judgment for $6,739.37 “docketed on June 2, 2003 . . . has been wholly paid . . .” and that the court clerk is “authorized and directed to make an entry of whole satisfaction on the docket of said judgment.” This was filed in the Jefferson County Clerk’s office on July 30, 2004.
On August 19, 2004 the attorney for the plaintiff filed an order to show cause requesting that the satisfaction of judgment entered on July 30, 2004 “be vacated.”
On his attorney’s affirmation of August 17, 2004 Brett J. Haacker stated that “a paralegal in my office mistakenly filed a satisfaction of judgment entered in this Court” and that “no consideration was given by the Defendant or accepted by the Plaintiff in exchange for the filing of the satisfaction.”
Counsel then opined that he was “unaware of any statutory authority existing to vacate a satisfaction of judgment” and asked the court to “exercise its inherent equitable powers [to] vacate the satisfaction of Judgment.”
Counsel cited two cases, New York State Higher Educ. Servs. Corp. v Ince (194 Misc 2d 531 [2003]) and New York State Higher Educ. Servs. Corp. v Espinal (189 Misc 2d 678 [2001]), as being distinguishable from a similar situation where the court refused to grant the relief requested because “adequate consideration was given by the Defendant” to obtain the discharge of the debt.
The matter was scheduled for a hearing on this request by the plaintiff on September 21, 2004. Neither the plaintiff nor the defendant appeared after being notified to do so — the plaintiff eschewing an oral argument.
Law
In New York State Higher Educ. Servs. Corp. v Espinal, Justice Benza rejected a motion “to vacate a satisfaction of judgment” (id. at 678) made by the petitioner after an initial payment of a debt that was made under Tax Law § 171-d was “reversed” by the Tax Commissioner after the satisfaction of judgment had been filed {id. at 679).
Justice Benza in rejecting the motion noted “that [the] plaintiff provides no authority for the relief that it seeks [among other things] . . . leaving] more unanswered questions concerning the rights of the parties than they answer” {id.).
In addition, Justice Benza rejected “vacating the satisfaction” as such an act “would wreak havoc on a system that third par *867 ties rely on when extending credit and therefore public policy requires the court to uphold the integrity and reliability of public records” (id.).
In New York State Higher Educ. Servs. Corp. v Ince, Justice Benza once again rejected a request to vacate a satisfaction of judgment citing the same public policy reasons he cited in the Espinal case in refusing “to exercise [the court’s] equitable powers and vacate the satisfaction of judgment” (id. at 531) urged by the petitioners.
Decision
The petitioner in his brief requests this court notwithstanding the Ince decision (as well as the Espinal case) to “exercise its inherent equitable powers and vacate the satisfaction of judgment” (Ince, supra at 531). Counsel argues that this case is distinguishable from Ince and Espinal as “both have relied on whether adequate consideration was given by the Defendant” (petitioner’s brief, Aug. 17, 2004, at 2).
The issue is not whether consideration was given by the debtor, but rather, as Justice Benza stated in Espinal (at 679), “[I]nitially, it is noted that plaintiff provides no authority for the relief that it seeks” as one reason to reject the request; and, as a second rationale, because “the remedy [the] plaintiff seeks, vacating the satisfaction, would wreak havoc on a system that third parties rely on when extending credit and therefore public policy requires the court to uphold the integrity and reliability of public records.” (Ince at 532.)
Justice Benza, then, in Espinal found no legal remedy to grant the plaintiffs request to vacate the satisfaction that had been filed as no “authority” had been shown by the plaintiff as a basis for him to do so as well as due to the fact that the requested relief would “wreak havoc” on the credit reporting system so “public policy requires the court to uphold the integrity and reliability of public records” (Espinal, supra at 679; Ince, supra at 532).
Justice Benza when asked in the alternative to have the court in Ince “exercise its equitable powers and vacate the satisfaction of judgment” declined to do so under this remedy proffered by counsel again due to the same failure to provide “authority for the relief its seeks” (id. at 531, 532).
In this case, unlike in Espinal and Ince where the satisfaction of judgment was issued upon an exchange of consideration for the release by the debtor, the release was issued by the plaintiffs *868 law firm due to an office error. The plaintiff argues that the lack of consideration in this case distinguished it from Ince and Espinal, the law office error should be excused, the satisfaction of judgment be vacated, and the judgment for $6,739.37 be reinstated.
However, as Justice Benza made clear in his decisions the real issue is not whether there was adequate consideration, but rather, the effect such a remedy would have “on a system that third parties rely on when extending credit” (Ince, supra at 532).
In denying the requested relief in Ince and Espinal he correctly judged that the “consideration” issue was subsumed by a greater “public policy [which] requires the court to uphold the integrity and reliability of public records” (Ince, supra at 532). It is for this reason that the court denies the plaintiffs motion to vacate the satisfaction of judgment filed in error as a result of an office failure. The appropriate remedy for this problem may rest in Justice Benza’s advice: “[T]he court notes that there are no obstacles that prevent [the] plaintiff form bringing another action against [the] defendant” (Ince, supra at 532).